LOWER KUSKOKWIM SCHOOL
DISTRICT, Appellant,

v.

ALASKA DIVERSIFIED CONTRAC-
TORS, INC., and Fischbach & Moore of
Alaska, d/b/a Alaska Diversified-Fisch-
bach, a joint venture of Alaska corpo-
rations, Appellees.

No. S–587.

Supreme Court of Alaska.

March 13, 1987.

Rehearing Denied April 6, 1987.

Saul Friedman, Hedland, Fleischer & Friedman, Anchorage, and Stephen L. Nourse, Kenneth G. Yalowitz, Nourse & Associates, P.S., Seattle, Wash., for appellant.

R. Everett Harris, Jensen, Harris & Roth, Anchorage, and Stuart G. Oles, Douglas S. Oles, Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Seattle, Wash., for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

The Lower Kuskokwim School District (the School District) appeals a jury's decision that it breached contracts with Alaska Diversified Contractors and Fischbach & Moore (ADF). The relevant contracts called for ADF to build several schools for the School District. At trial, the central dispute was over when completion was required.

The contracts state on their face that completion was required by August 31, 1980. ADF, however, presented evidence that the School District told ADF during a pre-bid conference it could actually complete construction up to eleven months later and that this was the purpose behind a contract provision which imposes only nominal liquidated damages for the first eleven months after August 31.

After work began, the School District pressured ADF to complete the schools by August 31, 1980. ADF employees testified that they did accelerate the work pace in response to this pressure. ADF seeks compensation for its costs resulting from what it perceives as this unwarranted acceleration.

The jury found that the contracts entitled ADF to complete work later than the stated date. The jury found the School District liable for $6,447,000.00, although this amount was reduced by the School District's counterclaims. The School District has appealed on a number of issues.

■ The School District argues that the parol evidence rule bars the court or the jury from using its pre-bid statements to contradict or vary the written contracts.[1]

■ The parol evidence rule bars evidence of prior negotiations or agreements to vary or contradict the terms of an integrated written contract. *Johnson v. Curran*, 633 P.2d 994, 995 n. 1 (Alaska 1981); *Kupka v. Morley*, 541 P.2d 740, 747–48 n. 9 (Alaska 1975). An integrated agreement is an agreement which is "adopted by the parties as a complete and exclusive statement of the terms of the agreement." Restatement (Second) of Contracts § 210(1) (1981).

■ Although the court below did not rule on whether the contracts were integrated, we can make that ruling because the question of integration is one for the court. *Mitford v. de Lasala*, 666 P.2d 1000, 1004 (Alaska 1983); *Alaska Northern Development, Inc. v. Alyeska Pipeline Service*, 666 P.2d 33, 37 (Alaska 1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984); Restatement, *supra* § 209(2), and comment c.

First, we must determine whether the agreements are integrated. According to

---

1. The School District in its pre-trial memorandum briefed the parol evidence rule, but evidently did not rely on the rule in making evidentiary objections. If the parol evidence rule were truly a rule of evidence, the School District would be considered to have waived the rule as a point on appeal because of its failure to object. However, the parol evidence rule is a rule of substantive law. Restatement (Second) of Contracts § 213, and comment a. Even if evidence is presented that would, except for the parol evidence rule, have the effect of altering an integrated agreement, such evidence is precluded from having that effect by the parol evidence rule. The School District preserved its right to raise the parol evidence rule as a point on appeal by requesting instructions as to the effect of the rule, and by objecting to the court's failure to give parol evidence rule instructions.

the Restatement: "Where the parties reduce an agreement to a writing which in view of its completeness and specificity reasonably appears to be a complete agreement, it is taken to be an integrated agreement unless it is established by other evidence that the writing did not constitute a final expression." Restatement, *supra* § 209(3).

Here, we have no doubt that the agreements were integrated. They contain thirty-six pages (plus supplementary provisions), of sixty specific articles, including detailed provisions on every subject from definitions to payment of taxes to cleanup responsibilities. In our view, it would be unreasonable to hold that the parties did not intend these provisions to embody their complete agreement. Or, put another way, the oral statements made at the pre-bid conference do not negate the lengthy and detailed written agreements which the parties signed subsequently.

The next question is whether the evidence offered by ADF contradicts or varies the writings. In our view it does. The contracts state that completion was due on August 31, 1980. They also state that if the contractor, i.e., ADF, fails to complete the contracts by the deadline, the School District could terminate the contracts. ADF's evidence, however, indicates that ADF could complete construction eleven months after the deadline without breaching the contracts. That is, the School District could not use the threat of termination to force ADF to complete the project by August 31, 1980. Thus, since ADF's evidence contradicts the written agreements, the parol evidence rule bars the court or the jury from using this evidence.

Given our conclusion that the written agreements were the complete and final agreements and that these agreements required completion by August 31, it follows that the School District did not modify or breach the agreements by requesting compliance with the deadline. Hence, we do not need to reach the remaining issues raised by the School District. The judgment below is REVERSED and the case

REMANDED for disposition consistent with this opinion.